UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ANTHONY BONACCI,

                Plaintiff,                        MEMORANDUM AND ORDER
                                                             22-MC-0431 (ILG)

  - against -

UNITED STATES OF AMERICA,

                Defendant.
-----------------------------------------------------------x

**GLASSER**, Senior United States District Judge:

      Pending before the Court is plaintiff Anthony Bonacci's motion to seal or expunge the records of his 2007 conviction for operating an illegal gambling business. Bonacci argues that since he completed the one year of probation and 50 hours of community service to which this Court sentenced him, he has been living as a law-abiding and productive member of society. However, he explains, his prior conviction will preclude him from certain new employment opportunities that he wants to pursue in order to better provide for his family.

      The Court is sympathetic to Bonacci's request. Unfortunately, it lacks the jurisdiction to consider a motion to expunge records of a valid conviction. *See Doe v. United States*, 833 F.3d 192, 195 (2d Cir. 2016). As this Court has previously written,

> if there is some force that will permit [the plaintiff] to move on and put the lingering effects of [his] conviction behind [him], it is not the law, but rather the willingness of an employer to display enough understanding and wisdom to recognize that plaintiff has not only paid [his] debts to society but has excelled in the even more challenging task of overcoming [his] past. While the law does not go so far as to erase the records of a youthful lapse in judgment, neither does it envision that [he] will be forever branded as a pariah and precluded from fully contributing to the fabric of society.
>
> . . .

> To merely pay lip service . . . to the tenet of "paying one's debt to society" and to continue to regard that debt as never to be absolved is socially self-defeating and morally wanting. Despite having found no basis upon which to grant plaintiff's motion for expungement, this court is nevertheless prompted to express the same hope it did in [prior cases], that prospective employers will not look askance upon [plaintiff], who has long ago atoned for [his] mis-step and by [his] remarkable accomplishment since then has manifested [his] worthiness of consideration based upon who [he] has become and is today.

*Houmadi v. United States*, No. 01-MC-069 (ILG), slip op. at 4-5 (E.D.N.Y. May 23, 2001).

SO ORDERED.

Dated:      Brooklyn, New York
            March 31, 2022

/s/ _____
I. Leo Glasser
Senior United States District Judge